THE ATTORNEY GENERAL
OF TEXAS



GERALD C. MANN
XXXXIIIXXXXXIIXXIXXI
ATTORNEY GENERAL.

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-2471
Re: Should an individual employed
by the State who was called
for a period of 28 days 'train-
ing as a reserve officer in
the United States Army be al-
lowed pay from the State for
more than the amount of 12
working days which would be
termed as his vacation?

　　　Your recent request for an opinion of this department on the
above stated question has been received.

　　　We quote from your letter as follows:

　　　"Should an individual employed by the State, who
was called for a period of twenty eight days training
as a Reserve Officer in the U. S. Army, be allowed pay
from the State for more than the amount of twelve work-
ing days which would be termed as his vacation?

　　　"Captain Chester Cohen is employed by this depart-
ment as engineer on stream pollution and is now in
training in San Antonio. He has been assisting our
Engineering Bureau during the time he is off duty
while in training.

　　　"A letter is enclosed which has been prepared and
signed by Mr. V. M. Ehlers, Director of the Bureau of
Sanitary Engineering in whose division Captain Cohen
is employed. This attached letter offers to a degree
an explanation of the services which were rendered the
department by Captain Cohen during the above mentioned
training period."

　　　We also quote from the letter of Mr. V. M. Ehlers, Director
Bureau of Sanitary Engineering, addressed to Mr. P. A. Kerby, admin-
istrative Assistant, as follows:

"In response to your inquiry about Mr. Chester Cohen's activities during the month of June, please be advised that Mr. Cohen informed us upon his call to military duty that he would be only too happy to keep the stream pollution work going while on duty putting in extra time and continuing to direct the stream pollution studies.

"At the beginning of the month he assembled the equipment for the mobile stream pollution laboratory located at a convenient place in San Antonio and also instructed Mr. Berreda in his duties on collection of samples, records, and the like. He spent one day in Houston with Mr. W. C. Gauntt discussing with him the work that we have underway on meat packing wastes in that city (see copy of his report.)

"On the 15th of this month he accompanied Mr. E. J. M. Berg, Superintendent of the City Sewage Treatment Plant of San Antonio, to Austin for a conference. Earlier in the month he conferred with Mr. J. W. Beretta on the program of solving the sewage problem of the two Laredos (see copy of letter).

"He checked the arrival of all laboratory equipment . He transmitted a pictorial survey of the mobile stream pollution laboratory. On June 4th we referred to him a communication from Capt. E. T. Norman stationed at Kelly Field requesting assistance in the rehabilitation of several of the Army sewage plants in San Antonio. On June 6th we requested that he confer with Mr. Terrell Bartlett, consulting engineer of San Antonio, with reference to the Nixon water supply and on which he gave us a report. On June 5th he transmitted photographs and flow diagrams to accompany an article on textile mill wastes."

Section 12 of Article XVI of the Constitution of Texas provides:

"No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

This provision of the Constitution is qualified by recent amendments to Sections 33 and 40 of Article XVI, adopted November 8, 1932. These sections read:

"Sec. 33.  The Accounting Officers of this State
shall neither draw nor pay a warrant upon the Treasury
in favor of any person, for salary or compensation as
agent, officer or appointee, who holds at the same
time any other office or position of honor, trust or
profit, under this State or the United States, except
as prescribed in this Constitution.  Provided, that
this restriction as to the drawing and paying of
warrants upon the Treasury shall not apply to Officers
of the National Guard of Texas, the National Guard
Reserve, the Officers Reserve Corps of the United States,
nor to enlisted men of the National Guard, the National
Guard Reserve, and the Organized Reserves of the United
States, nor to retired officers of the United States
Army, Navy, and Marine Corps, and retired warrant officers
and retired enlisted men of the United States Army, Navy,
and Marine Corps.

"Sec. 40.  No person shall hold or exercise, at
the same time, more than one Civil Office of emolument,
except that of Justice of Peace, County Commissioner,
Notary Public and Postmaster, Officer of the National
Guard, the National Guard Reserve, and the officers
Reserve Corps of the United States and enlisted men of
the National Guard, the National Guard Reserve, and the
Organized Reserves of the United States, and retired
officers of the United States Army, Navy, and Marine
Corps, and retired warrant officers, and retired
enlisted men of the United States Army, Navy, and Marine
Corps, unless otherwise specially provided herein.
Provided, that nothing in this Constitution shall be
construed to prohibit an officer or enlisted man of the
National Guard, and the National Guard Reserve, or an
officer in the Officers Reserve Corps of the United
States, or an enlisted man in the Organized Reserves
of the United States; or retired officers of the United
States Army, Navy, and Marine Corps, and retired warrant
officers, and retired enlisted men of the United States
Army, Navy, and Marine Corps, from holding in conjunction
with such office any other office or position of honor,
trust or profit, under this State or the United States, or
from voting at any Election; General, Special or Primary,
in this State when otherwise qualified."

We quote from our Opinion No. O-2426, as follows:

"It is clear that under Sections 33 and 40 of Article
XVI of the Constitution of Texas, and the departmental
payroll affidavit interpreted in the light of these
constitutional provisions, an officer in the Officers

Reserve Corps of the United States may hold in conjunction with that office any other position of honor, trust or profit in the State of Texas, and may receive salary or compensation for the same.

"You are accordingly advised that employees of the Board of Insurance Commissioners who are Reserve Officers in the United States Army may continue receiving their salary from the State of Texas while on active duty during their vacation, and under the circumstances described you may make the payroll affidavit required by the Comptroller."

"   . . . . .

"You are advised that this Section of the Departmental Appropriation Bill must be strictly complied with and State employees are limited to Twelve days' vacation, exclusive of Sundays and legal holidays, without deduction in salary."

In this connection we call your attention to that portion of Section 2 of the Departmental Appropriation Bill, Senate Bill 427, Acts 1939, 46th Legislature, dealing with vacation allowance for State employees, which provides as follows:

"Vacation Allowance. Department employees shall, without deduction in salary, receive not exceeding twelve days' vacation, exclusive of Sundays and legal holidays, on which State offices are closed, for each State fiscal year, such vacation period to be mutually agreed upon by the head of each department with his employees, provided, that employees belonging to the Texas National Guard may have their vacation at the time of the meeting of the annual encampment. Provided, that no employee for whom a salary is hereby appropriated, shall receive compensation while on vacation unless he or she has been an employee of the department for not less than six calendar months preceding the vacation period."

We are enclosing herewith a copy of our Opinion No. 0-2426 for your convenience.

We call your attention to that portion of the Departmental Payroll Affidavit required by the Comptroller of Public Accounts to be made by the head of each State Department, which reads as follows:

"* * * and that none of the employees on this payroll are receiving salary or compensation, as agent, officer, or appointee who holds at the same time any other office or position of honor, trust or profit, under this State or the United States except as prescribed in the State Constitution."

Section B of the rider to the Departmental Appropriation Bill, under the head of salary and other provisions, p. 147, Senate Bill No. 427, Acts 46th Leg., 1939, reads in part as follows:

"No salary for which an appropriation is made herein shall be paid to any person unless such person actually discharges assigned duties. Every month the head of each department shall attach to the payroll for his department an affidavit, under oath, stating that the persons listed in said payroll actually performed the duties for which they were being paid. The Comptroller shall not issue warrants for the payment of salaries listed on said payroll unless this affidavit is filed with him. Each department head shall number consecutively the salaried positions in his department for which an appropriation is made herein (either out of the General Revenue Fund, fees, receipts, special funds or out of other funds available for use by said department) and opposite the number of the position, he shall set out the title of the position and the name of the person employed to fill the same. This statement shall be filed with the Comptroller, who shall, when issuing his warrant to any employee in payment of salary due said employee, number the warrant with the same number that is assigned to the position filled by said employee. Every department head shall notify the Comptroller in writing of any changes in personnel in his department. This provision shall not apply to seasonal help, and shall not prevent persons drawing their salary warrants during authorized vacation periods."

Employees are required to perform the duties and render the services as required by the heads of the various departments and when the head of such department makes the affidavit as above mentioned, stating that the employee has performed the duties assigned to him then such employee would be entitled to his compensation as such. It is true that employees are limited to twelve days vacation exclusive of Sundays and legal holidays without deduction in salary; however, this is where the employee performs no duty or renders no services and is entitled to his compensation notwithstanding that he has performed no duty or rendered no service.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:LW:wc
APPROVED JULY 11, 1940 s/Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL
This Opinion Considered and Approved In Limited Conference